1  Tricia L. Legittino (SBN 254311)
   tlegittino@fkks.com
2  Matthew Samet (SBN 311865)
   msamet@fkks.com
3  FRANKFURT KURNIT KLEIN + SELZ PC
   2029 Century Park East, Suite 1060
4  Los Angeles, California 90067
   Telephone:   (310) 579-9600
5  Facsimile:    (310) 579-9650

6  Attorneys for Respondent
   CITIBANK, N.A.

7

8

9                    **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT, WESTERN DIVISION**

11  CAROLINE HERRLING,                    Case No. 2:20-cv-06989-FMO-AFM

12            Petitioner,                 **CITIBANK N.A.'S NOTICE OF
                                          MOTION AND MOTION TO**
13       v.                              **CONFIRM ARBITRATION
                                          AWARD AND IN OPPOSITION TO**
14  CITIBANK, N.A.,                      **CAROLINE HERRLING'S
                                          MOTION TO VACATE**
15            Respondent.                **ARBITRATION AWARD;
                                          CONSOLIDATED MEMORANDUM**
16                                        **OF POINTS AND AUTHORITIES**

17                                        [Filed concurrently with Declaration of
                                          Tricia L. Legittino; Declaration of
18                                        Matthew Samet; Appendix of Exhibits;
                                          Proposed Order]
19
                                          Judge:   Hon. Fernando M. Olguin
20                                        Date:    September 17, 2020
                                          Time:    10:00am
21                                        Crtrm.:  6D

22

23

24

25

26

27

28

FKKS:2718738v.1

CITIBANK N.A.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND IN
OPPOSITION TO CAROLINE HERRLING'S MOTION TO VACATE ARBITRATION AWARD;
CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579-9600

1

## NOTICE OF MOTION AND MOTION

2 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE THAT** on September 17, 2020, at 10:00 a.m., or

4 as soon thereafter as the matter may be heard, in Courtroom 6D by the Honorable

5 Fernando M. Olguin of the United States District Court for the Central District of

6 California, located at 350 West 1st Street, Los Angeles, CA 90012, Respondent,

7 Citibank, N.A. ("Citibank"), will and hereby does move this Court for an Order

8 denying Petitioner, Caroline Herrling's ("Herrling"), Motion to Vacate Arbitration

9 Award and granting Citibank's Motion to Confirm Arbitration Award and in

10 Opposition to Herrling's Motion to Vacate Arbitration Award (the "Motion").

11      This Motion is based on this Notice of Motion, the attached Memorandum of

12 Points and Authorities, the Declarations of Tricia L. Legittino and Matthew Samet

13 filed concurrently herewith, all of the pleadings, files, and records in this

14 proceeding, all other matters that the Court may take judicial notice, and any

15 argument or evidence that may be presented to or considered by the Court.

16      Citibank met and conferred in good faith with Petitioner before filing this

17 Motion in accordance with Local Rule 7-3.[1]  (*See* Declaration of Matthew Samet

18 ¶¶ 9-14.)

19 DATED:  August 20, 2020          FRANKFURT KURNIT KLEIN + SELZ PC

20

21                                  By:      /s/ Tricia L. Legittino

22                                       Tricia L. Legittino
                                        Matthew Samet
23                                       Attorneys for Respondent
                                        CITIBANK, N.A.

24

25

26 ─────────────────
[1] While "a motion to confirm is a case-initiating document not subject to Local Rule

27 7-3," Citibank met and conferred in an abundance of caution.  *Daniels v. Painter*,

28 No. CV 16-3782-RSWL-E, 2018 WL 3486999, at *3 n.2 (C.D. Cal. July 16, 2018).

Frankfurt Kurnit Klein + Selz PC
28 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579-9600

# **TABLE OF CONTENTS**

**Page(s)**  Toc48745769

CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES ............. 1

I.      INTRODUCTION ................................................................................ 1

II.     RELEVANT PROCEDURAL HISTORY ............................................ 1

        A.      Initiation of Arbitration. .......................................................... 1

        B.      The Scheduling Orders ............................................................ 2

        C.      Discovery. ................................................................................ 3

        D.      Prehearing Motions. ................................................................ 8

                1.      October 18, 2019 Discovery Conference. .................... 8

                2.      Motion for Summary Adjudication. ............................. 9

                3.      December 2, 2019 Request for Continuance. ............. 10

                4.      January 23, 2020 Request for Continuance. ............... 10

                5.      Citibank's Motion to Exclude McGuinn and Herrling's
                        Request for Emergency Relief. ................................... 11

        E.      The Hearing ............................................................................ 12

        F.      The Award ............................................................................. 13

III.    ARGUMENT .................................................................................... 13

        A.      The Award Should Be Confirmed Unless It Is Vacated,
                Modified, or Corrected Under Exclusive and Limited Grounds. ......... 13

        B.      Judge Reiser's Discretionary Exclusion of Testimony Did Not
                Constitute Misconduct Under Section 10(a)(3) of the FAA ................. 14

                1.      The Exclusion of Herrling's Expert Was Not in Bad Faith. ...... 14

                2.      Herrling Was Not Prejudiced. .................................... 15

        C.      Any Failure to Ensure Documents Were Produced Did Not
                Prejudice Herrling Under Section 10(a)(3). ........................................ 16

        D.      Judge Reiser Was Not Evidently Partial Under Section 10(a)(2). ....... 19

                1.      Herrling Provides No Evidence of Actual Bias. .......................... 19

                2.      In Any Event, Herrling Waived Actual Bias Claims. ................ 19

        E.      Judge Reiser Did Not Exceed His Powers Under Section

**Frankfurt Kurnit Klein + Selz** PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

10(a)(4)................................................................................20

    1.   Judicial Review of Such Claims Is Extremely Limited. ............20

    2.   Judge Reiser's Award Was Not Completely Irrational. .............20

    3.   Judge Reiser Did Not Manifestly Disregard the Law. ...............21

F.   The Award Is Mutual, Final, and Definite Under Section
10(a)(4)................................................................................22

    1.   Ambiguities Must Be Substantial and Adverse........................22

    2.   The Award's Use of "Claim" Is Not Ambiguous......................22

    3.   Judge Reiser Considered All Questions Submitted....................23

    4.   Judge Reiser's Ruling Is Reasoned. ...........................................23

IV.   CONCLUSION .........................................................................25

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND IN
OPPOSITION TO CAROLINE HERRLING'S MOTION TO VACATE ARBITRATION AWARD;
CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Basham v. Babcock*,
  44 Cal. App. 4th 1717 (1996) ............................................................. 15

*Bear, Stearns & Co. v. Buehler*,
  432 F. Supp. 2d 1024 (C.D. Cal. 2000) ............................................. 21

*Biler v. Toyota Motor Corp.*,
  668 F.3d 655 (9th Cir. 2012) ............................................................. 24

*Boston v. Penny Lane Ctrs., Inc.*,
  170 Cal. App. 4th 936 (2009) ............................................................. 15

*Bosack v. Soward*,
  586 F.3d 1096 (9th Cir. 2009) .................................................... 20, 24

*Braggs v. Jones*,
  614 F. App'x 901 (9th Cir. 2015) ................................................ 17, 21

*Carpenters 46 N. Cal. Ctys. Conference Bd. v. Zcon Builders*,
  96 F.3d 410 (9th Cir. 1996) ............................................................... 14

*Chevron Transport Corp. v. Astro Vencedor Compania Naviera, S.A.*,
  300 F. Supp. 179 (S.D.N.Y. 1969) ..................................................... 18

*Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
  933 F.2d 1481 (9th Cir. 1991) .................................................... 15, 22

*Fund Raising, Inc. v. Alaskans for Clean Water, Inc.*,
  No. CV 09–4106 AHM, 2012 WL 2456255 (C.D. Cal. June 26,
  2012) .................................................................................................... 22

*Golden v. O'Melveny & Myers LLP*,
  No. 2:14-cv-08725-CAS(AGRx), 2019 WL 5693760 (C.D. Cal.
  Nov. 1, 2019) ...................................................................................... 20

*Haddad v. Jackson*,
  No. 1:07–cv–01676–OWW–TAG, 2010 WL 2816320 (E.D. Cal.
  July 16, 2010) ...................................................................................... 19

FKKS:2718738v.1

iii

Frankfurt Kurnit Klein + Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
  552 U.S. 576 (2008) ................................................................... 13, 14

*Hunt v. Mobil Oil Corp.*,
  654 F. Supp. 1487 (S.D.N.Y. 1987) ....................................................... 18

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
  341 F.3d 987 (9th Cir. 2003) ........................................................... 14

*Lagstein v. Certain Underwriters at Lloyd's, London*,
  607 F.3d 634 (9th Cir. 2010) ........................................................... 21

*Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med.*,
  826 F.3d 634 (2d Cir. 2016) ............................................................ 24

*Marino v. Writers Guild of Am., E., Inc.*,
  992 F.2d 1480 (9th Cir. 1993) .......................................................... 19

*Mast v. Magpusao*,
  180 Cal. App. 3d 775 (1986) ........................................................... 16

*Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*,
  44 F.3d 826 (9th Cir. 1995) ........................................................... 21

*More Light Investments v. Morgan Stanley DW Inc.*,
  415 F. App'x 1 (9th Cir. 2011) ........................................................ 20

*New Meiji Mkt. v. United Food & Commercial Workers Local Union
  905*,
  789 F.2d 1334 (9th Cir. 1986) .......................................................... 22

*Olson v. Harland Clarke Corp.*
  676 F. App'x 635 (9th Cir. 2017)....................................................... 24

*Oxford Health Plans LLC v. Sutter*,
  569 U.S. 564 (2013) ................................................................... 20

*Rodriguez v. Bank of the W.*,
  162 Cal. App. 4th 454 (2008) .......................................................... 15

*Rollins v. Prudential Ins. Co. of N. Am.*,
  10 F. App'x 510 (9th Cir. 2001)...................................................... 22, 23

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

FKKS:2718738v.1

iv

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

*Sheet Metal Workers Int'l Ass'n v. Kinney Air Conditioning Co.*,
    756 F.2d 742 (9th Cir. 1985) ............................................................ 19

*Staub v. Kiley*,
    226 Cal. App. 4th 1437 (2014) ..................................................... 14

*U.S. Life Ins. Co. v. Super. Nat'l Ins. Co.*,
    591 F.3d 1167 (9th Cir. 2010) ............................................ 13, 14, 20, 21

*United Paperworkers Int'l Union v. Misco, Inc.*,
    484 U.S. 29 (1987) ................................................................. 14

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.*,
    363 U.S. 593 (1960) ................................................................. 24

*Wellman v. Writers Guild of Am., W., Inc.*,
    146 F.3d 666 (9th Cir. 1998) ................................................... 19, 21

*Woods v. Saturn Distrib. Corp.*,
    78 F.3d 424 (9th Cir. 1996) ....................................................... 19

*Zellerino v. Brown*,
    235 Cal. App. 3d 1097 (1991) ..................................................... 15

**Statutes**

9 U.S.C. § 10 ............................................................................. 13, 14

9 U.S.C. § 10(a)(2) ......................................................................... 19

9 U.S.C. § 10(a)(3) ..................................................................... 14, 16

9 U.S.C. § 10(a)(4) ..................................................................... 20, 22

Cal. Civ. Proc. Code § 2034 *et. seq* ..................................................... 2, 3

Cal. Civ. Proc. Code § 2031.010 *et. seq.* ................................................... 5

Cal. Civ. Proc. Code § 2034.300 ...................................................... 14, 15

CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND IN
OPPOSITION TO CAROLINE HERRLING'S MOTION TO VACATE ARBITRATION AWARD;
CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES

## CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This case presents a routine confirmation of an arbitration award procured through the utmost fairness.  In her Motion to Vacate the Arbitration Award (the "MTV"), Herrling fails to meet her burden to prove any grounds for vacatur under the Federal Arbitration Act ("FAA") and thus the award should be confirmed. Herrling claims that the arbitrator: (1) refused to hear evidence by excluding her expert; (2) prejudiced her by failing to ensure certain documents were produced; (3) exceeded his powers by issuing a scheduling order contrary to the parties' agreement and an award conflicting with a California statute; and (4) imperfectly executed his powers by not issuing a reasoned award and failing to answer a legal question.  None of these claims have merit and an honest review of the procedural history in the arbitration reveals that it was Herrling's actions of failing to diligently pursue discovery (for example, not taking a single deposition) or comply with deadlines set by the Arbitrator that are at the core of each of the "wrongs" she claims warrant vacatur.  Based on this, Citibank respectfully requests that the Court deny the MTV and grant Citibank's Motion, confirming the award.

## II.    RELEVANT PROCEDURAL HISTORY

### A.     Initiation of Arbitration.

On May 6, 2019, Herrling filed her Demand for Arbitration with JAMS, asserting three claims against Citibank: (1) negligence; (2) breach of contract; and (3) conversion (the "Demand").  (Declaration of Tricia L. Legittino ("Legittino Decl.") ¶ 2, App. Ex. 1.)  The crux of the Demand was that Citibank should be found liable for the alleged loss of a necklace Herrling claims to have kept in her safe deposit box (the "Box") at a Citibank branch when the Box was drilled and its contents relocated due to the branch's permanent closure and Herrling's failure to retrieve her items prior to the closure.

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1    In the arbitration, Herrling was "represented" by non-lawyer, James Kantor

2 ("Kantor"), and Citibank's lead counsel was Tricia L. Legittino ("Legittino").

3 Legittino was instructed to communicate solely with Kantor regarding all issues in

4 the arbitration.  (Legittino Decl. ¶ 3.)  On July 1, 2019, after the parties engaged in

5 the selection process for an arbitrator pursuant to JAMS procedures, the Honorable

6 Judge Glen Reiser (ret.) was appointed as arbitrator.  (Legittino Decl. ¶ 4.)

7    **B.    The Scheduling Orders.**

8    On August 9, 2019, Kantor, Legittino, and Judge Reiser participated in the

9 Preliminary Arbitration Management Conference during which the parties discussed

10 a number of issues and procedures for the arbitration.  When it came to expert

11 witness designation, Legittino suggested that the parties follow the deadlines and

12 requirements as set forth in California Code of Civil Procedure ("CCP") § 2034 *et.*

13 *seq*[2].  Kantor did not object to this suggestion.  (Legittino Decl. ¶ 5.)

14    Accordingly, on August 13, 2019, Judge Reiser issued the first scheduling

15 order (the "Scheduling Order") which documented the agreements the parties

16 reached during the August 9th conference including setting an evidentiary hearing

17 for February 5 and 6, 2020.

18    As for "Experts," the Scheduling Order stated:

19        The parties shall designate experts and supplement the
20        same in accordance with the requirements of the
         California Code of Civil Procedure, including making any
21        such experts available for deposition, if requested.

22        Expert reports, if any, shall set forth each opinion on
         which the expert will offer testimony and, in general
23        terms, the reasons for each such opinion and the facts
         supporting each such opinion.

24    As for depositions and general discovery, the Scheduling Order stated:

25        Each party may take no more than two (2) depositions, not
26        including designated experts….All non-expert discovery
         ***shall be completed*** on or before Monday, January 6, 2020.

27 ────────────────────
[2] All further reference to CCP Sections are to Section 2034 *et. seq.* unless noted
28 otherwise.

FKKS:2718738v.1

2

Frankfurt Kurnit Klein + Selz PC
28/29 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

(Emphasis added).

At no point did Kantor object to any provision of the Scheduling Order.  (Legittino Decl. ¶ 6, App. Ex. 2.)

On October 18, 2019, the parties engaged in a second pre-hearing call with Judge Reiser to discuss discovery issues raised by Kantor and Legittino's request that the hearing be rescheduled due to a jury trial on another matter that conflicted with the February hearing dates.  Consequently, on October 21, 2019, Judge Reiser issued an amended scheduling order (the "Amended Scheduling Order"), which moved the hearing to March 2, 3, and 4, 2020.  It extended the completion date for all non-expert discovery to February 3, 2020, initial witness lists exchange to February 17, 2020, and the supplemental witness designation to February 24, 2020. The Amended Scheduling Order also provided that Herrling could serve on Citibank one set of document requests.  The Amended Scheduling Order did not alter the parties' duties to comply with CCP § 2034 *et. seq.* in connection with expert witnesses.  (Legittino Decl. ¶ 7, App. Ex. 3.)  At no point either during the October 18th telephonic hearing or at any time after it, did Kantor object to any provision of the Amended Scheduling Order including the provision regarding the procedure ordered for designating expert witnesses.   (Legittino Decl. ¶ 8.)

C.   **Discovery.**

The below timeline summarizes the discovery engaged in by both sides between August 2019 and February 2020:

- **August 9, 2019** – Citibank propounded interrogatories on Herrling. (Legittino Decl. ¶ 9.)

- **August 15, 2019** – Citibank noticed Herrling's deposition for September 17, 2019.  (Legittino Decl. ¶ 10.)

- **September 3, 2019** – Pursuant to the agreement between Kantor and Legittino to begin their voluntary production of documents on

Frankfurt Kurnit Klein + Selz PC
28029 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

September 3, 2019, Citibank produced to Herrling documents bates-stamped CITI 001-017 which included her Safe Deposit Box Rental Agreement (the "Rental Agreement"), the executed Safe Deposit Box Signature Card and Access Record, exemplars of notices that Citibank sent to its safe deposit box customers that the branch was closing, and the inventory list of items retrieved from Herrling's Box when it was drilled open on October 1, 2016. (Legittino Decl. ¶ 11.)

- **September 5, 2019** – Citibank produced a second set of documents to Herrling. Also, on this date, Legittino emailed Kantor asking when Herrling would begin producing documents pursuant to their agreement because she missed the agreed upon September 3rd start date. (Legittino Decl. ¶ 12.)

- **September 9, 2019** – Herrling produced her first set of documents to Citibank. (Legittino Decl. ¶ 13.)

- **September 12, 2019** – Legittino informed Kantor that she had relevant Citibank Internal Policies and Procedures for safe deposit boxes ready to produce (the "Policies"), but Kantor and Herrling first needed to sign a Protective Order because of the confidential and proprietary nature of the Policies. Legittino gave Kantor the Protective Order and asked him to contact her with any questions, comments, or changes. Kantor refused to sign the Protective Order and said Herrling would not sign it either. (Legittino Decl. ¶ 15, App. Ex. 4.)

- **September 17, 2019** – Citibank deposed Herrling, during which she mentioned in passing that she allegedly consulted an expert but could not recall his name. (Legittino Decl. ¶ 16.)

- **September 18, 2019** – Kantor informed Legittino that the "expert" Herrling testified about at her deposition ". . . is not confirmed as one

of our experts."  (Legittino Decl. ¶ 17, App. Ex. 5.)

- **October 4, 2019** – Kantor sent a letter to JAMS Case Administrator Jasmine Lu ("Lu") requesting a telephonic conference with Judge Reiser.  (Legittino Decl. ¶ 18, App. Ex. 6.)[3]

- **October 7, 2019** – Citibank responded to Kantor's request to JAMS.  (Legittino Decl. ¶ 19, App. Ex. 7.)

- **October 18, 2019** – Judge Reiser, Kantor, and Legittino participated in a telephonic discovery conference regarding Kantor's October 4th letter.  Judge Reiser permitted Kantor to serve document requests pursuant to CCP Section 2031.010 *et. seq*. and Citibank could respond accordingly.  (Legittino Decl. ¶ 7, App. Ex. 3.)

- **October 23, 2019** – Kantor served Citibank with a Request for Production of Documents which do not request production of the Policies ("Herrling's RFP").  (Legittino Decl. ¶ 20.)

- **November 15, 2019** – Citibank served its responses to Herrling's RFP.  (Legittino Decl. ¶ 21.)

- **November 25, 2019** – Kantor sent Legittino a meet-and-confer letter to discuss certain objections in Citibank's responses to Herrling's RFP that he disputed.  (Legittino Decl. ¶ 22, App. Ex. 8.)

- **December 2, 2019** – On November 29th (the day after Thanksgiving), Kantor emailed Lu seeking a discovery conference with Judge Reiser regarding the issues raised in his meet-and-confer letter.  Citibank responded on December 2, 2019 informing JAMS that it had not yet responded to Kantor's meet and confer letter due to the holiday weekend.  Lu subsequently emailed the parties telling them that Judge

---

[3] The substance of the various pre-hearing conferences is discussed in more detail below.

Frankfurt Kurnit Klein + Selz PC
28/29 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

Reiser "asks that the parties work through meet-and-confer.  If there are outstanding issues in one week, please let me know and we will set a discovery conference."  (Legittino Decl. ¶¶ 23-24, Exs. 9-10.)

- **December 3, 2019** – Citibank replied to the November 25, 2019 meet-and-confer letter (despite Herrling's claims otherwise in the MTV).  In addition to addressing the issues raised in Kantor's letter, Citibank also notified him that it had identified its employees who inventoried the contents of Ms. Herrling's Box on October 1, 2016, and would make them available for depositions.  (Legittino Decl. ¶ 25, App. Ex. 11.)

- **December 9, 2019** – Kantor emailed Legittino requesting to meet and confer at 4:00pm PST.  Legittino's colleague, Jessica Medina ("Medina") called Kantor, who did not answer.  Kantor sent an email apologizing for missing the call, and rescheduled for the following morning.  (Legittino Decl. ¶ 26, App. Ex. 12.)

- **December 10, 2019** – Kantor and Medina met and conferred by telephone.  (Legittino Decl. ¶ 27.)

- **December 12, 2019 –** Medina emailed Kantor an update of items they discussed during their December 10th meet and confer.  Neither Legittino nor Medina heard from Kantor again until over one month later on January 23, 2020 when, as discussed in more detail below, he requested to continue the hearing so he could conduct discovery. (Legittino Decl. ¶¶ 26-27, App. Ex. 12.)

- **December 23, 2019** – Per the requirements of the Scheduling Orders, Citibank served Kantor with a Demand for Exchange of Expert Witness Information and Reports setting the initial designation date as January 13, 2020.  The Demand states that "failure to comply therewith will constitute a waiver of your right to call unlisted expert witnesses at the

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

trial." Kantor did not contact Legittino to object to this procedure or to say that he never agreed to this procedure for designating expert witnesses. (Legittino Decl. ¶ 28, App. Ex. 13.)

- **January 8, 2020** – Medina emailed Kantor that Citibank has located Kenneth Weber ("Weber"), its former employee who managed the branch where Herrling maintained the Box. Medina offered to arrange for Kantor to depose Weber as he previously indicated he wanted to do. Kantor did not respond to this email. (Legittino Decl. ¶ 29, App. Ex. 14.)

- **January 10, 2020** – Citibank designated Jodi Pratt ("Pratt') as an expert for the banking industry standards of care regarding safe deposit boxes and provided a declaration from Legittino including the "general substance" of Pratt's expert testimony, Pratt's CV, and that Pratt would "submit to a meaningful oral deposition concerning . . . her expert opinions and the basis for her expert opinions." Citibank did not receive an expert designation from Herrling by the January 13, 2020 deadline for the initial designation nor by the deadline of February 3, 2020 for the designation of a rebuttal expert witness. (Legittino Decl. ¶ 30, App. Ex. 15 at 3.)

- **January 23, 2020** – Herrling requested a continuance of the March hearing dates. As discussed in more detail below, one basis of Herrling's continuance request was that she had not yet been able to depose Weber. Citibank responded saying it has been and is still willing to make Weber available for a deposition. Judge Reiser ordered that Weber's deposition could be taken past the non-expert discovery cut-off. Also, on this day, with eleven days remaining before the discovery completion date of February 3rd, Herrling served her only set

of interrogatories on Citibank.[4]  (Legittino Decl. ¶ 31, App. Exs. 16-17.)

- **February 12, 2020** – While discussing the dates for Weber's deposition, Kantor designated—for the first time—Herrling's purported safe deposit box expert, David P. McGuinn ("McGuinn"), despite that the expert discovery deadline expired.  Citibank filed a motion to exclude Herrling's late-designated expert as discussed in more detail in the next Section.  (Legittino Decl. ¶¶ 32-33, App. Exs. 18-19.)

### D.   Prehearing Motions.

#### 1.   October 18, 2019 Discovery Conference.

On October 4, 2019, Kantor sent a letter to Lu requesting a telephonic conference with Judge Reiser to discuss: (a) unidentified "documents" Citibank had allegedly not produced; (b) Citibank's refusal to provide Herrling with a free copy of her deposition transcript; (c) Legittino purportedly had "ceased communicating" with him; and (d) he needed a continuance to file a summary judgment motion since certain "facts" were contained in Herrling's deposition testimony which he had not yet ordered from the court reporter.[5]  (Legittino Decl. ¶ 18, App. Ex. 6 at 1-2.)

---

[4] Citibank planned to file a Protective Order on these Interrogatories since it would not be able to respond to them before the discovery completion date of February 3, 2020.  During the February 4, 2020 telephonic conference (discussed further below) Judge Reiser ruled that Citibank did not have to respond to them given that Weber could testify about these issues at his deposition which Judge Reiser ruled could take place even though the discovery completion date had expired a day earlier. (Legittino Decl. ¶ 31).

[5] During the August 9th conference, Citibank informed Judge Reiser that it wanted to file a motion for summary adjudication ("MSA").  Based on the parties' agreement, in the Scheduling Order Judge Reiser set an October 4, 2020 deadline for the filing of the MSA with opposition and reply papers due on October 18th and 25th respectively and an "in person" hearing scheduled for October 28, 2019.  Kantor did not mention during the August 9th hearing that Herrling also wanted to file a dispositive motion.

FKKS:2718738v.1

8

Frankfurt Kurnit Klein + Selz PC
28 2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

1    Citibank filed a response on October 7, 2019, and presuming that the
2    unidentified documents Kantor claimed it was not producing were the invoices from
3    the locksmith (the "Invoices") and the Policies since these were the only documents
4    Citibank had yet to produce, it explained to Judge Reiser, as Legittino had already
5    told Kantor, that the Invoices were difficult to locate since the branch where
6    Herrling maintained her Box had closed three years ago; despite this, Citibank
7    represented that it was still searching for them.  As for the Policies, Citibank
8    explained it was ready to produce them, but Kantor and Herrling refused to sign the
9    Protective Order prior to the disclosure of these proprietary documents.  Legittino
10   also explained that she was slow to respond to Kantor because he had started to
11   personally attack her such as claiming she was being "unethical" because she would
12   not provide Herrling a free copy of her deposition transcript although Citibank had
13   no obligation to do so.  Finally, Citibank argued that a continuance was
14   inappropriate because the parties agreed to the dispositive motion deadline two
15   months ago which Citibank was able to meet and that Herrling did not need her
16   deposition transcript to file a motion for summary judgment when any "facts" were
17   in her personal knowledge.  (Legittino Decl. ¶ 19, App. Ex. 7 at 2.)
18       On October 18, 2019, the parties had a discovery conference with Judge
19   Reiser.  Because Legittino told Judge Reiser that Kantor repeatedly changed the
20   informal discovery Herrling sought, he permitted Kantor to serve document requests
21   pursuant to the CCP.  (Legittino Decl. ¶ 7, App. Ex 3.)  As discussed in more detail
22   below, Herrling served these document requests, Citibank responded to them, and
23   Kantor initiated a meet-and-confer process which he ultimately abandoned.

### 2.    Motion for Summary Adjudication.

24
25       On October 4, 2019, Citibank filed the MSA with the sole issue of whether
26   Herrling's damages were capped by a liability limitation provision in the Rental
27   Agreement.  After full briefing and an in-person hearing, on November 4, 2019,
28

Frankfurt Kurnit Klein + Selz PC
20929 Century Park East, Suite 10601 N
Los Angeles, California 90067
F (310) 579 9600

Frankfurt Kurnit Klein + Selz PC

28829 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

1  Judge Reiser issued his ruling denying the MSA in full.  (Legittino Decl. ¶ 34, App.

2  Ex. 20.)

3           **3.          December 2, 2019 Request for Continuance.**

4           On December 2, 2019, Kantor sent a letter requesting a continuance of the

5  March hearing dates based on Citibank "evading" discovery by making objections

6  to Herrling's RFP and not producing unspecified documents.  Having just received

7  Kantor's meet-and-confer letter on the issues six days earlier (and right before the

8  Thanksgiving weekend), Citibank requested time to respond to the letter.  Later that

9  day, Judge Reiser asked the parties to meet and confer for one week, after which he

10  would rule if the parties could not resolve the dispute.  As detailed above, Citibank

11  responded to Kantor's meet and confer letter on December 3rd, the parties had a

12  telephonic met and conferred on December 10th, and on December 12th, Citibank

13  sent Kantor an email updating him on some of the open items they had discussed.

14  Kantor never responded to this email and did not raise these purported discovery

15  issues with Judge Reiser again.  (Legittino Decl. ¶ 27.)

16           **4.          January 23, 2020 Request for Continuance.**

17           On January 23, 2020, Herrling filed a request to continue the hearing because:

18  (a) Citibank agreed on January 8th that she could depose Weber and she had not yet

19  done that; (b) she claimed she needed more time for discovery on purported "fraud"

20  by employees in the branch where she maintained the Box; and (c) she wanted to

21  amend her Demand to include a claim against Citibank for "concealment" due to the

22  "unavailability" of requested documents.

23           On January 24, 2020, Citibank filed its opposition to Herrling's request,

24  arguing she failed to justify a continuance because she had six months to complete

25  discovery but failed to do so including: (a) not noticing a single deposition including

26  Weber's whom she had known about since earlier in the month; (b) not responding

27  to Citibank's last email after their December 10, 2019 meet and confer; and (c) not

28

propounding interrogatories on Citibank since the Scheduling Order allowed the parties to do so.  On February 4, 2020, the Parties had a conference regarding the continuance request in which Judge Reiser denied the request for a continuance but allowed Herrling to depose Weber in the next two weeks, despite that the February 3, 2020 discovery cutoff had passed.  (Legittino Decl. ¶ 31, App. Exs. 16-17.).

### 5. Citibank's Motion to Exclude McGuinn and Herrling's Request for Emergency Relief.

On February 12, 2020, Citibank filed a motion to exclude McGuinn because Herrling failed to timely designate him pursuant to the Scheduling Orders (the "Motion to Exclude").  On February 14, 2020, Herrling responded without arguing against excluding McGuinn or objecting to proceeding under the CCP for expert designation.  Rather, Herrling sought another continuance of the hearing to conduct discovery.  (Legittino Decl. ¶¶ 32, 35, App. Exs. 19, 21.)

Before Judge Reiser could rule on the Motion to Exclude, on February 20, 2020, Herrling filed a second request to continue the hearing this time as a "Request for Emergency Relief pursuant to JAMS Rule 2(c)."  Herrling asserted she needed more time to depose Weber, she wanted to have her expert file an affidavit based on Weber's yet to be taken deposition testimony, and she wanted to potentially amend the Demand.  Herrling also sought to exclude five "new" Citibank witnesses and exhibits because they also were allegedly disclosed "late" on February 17, 2020 (the date set in the Amended Scheduling Order for the parties to "identify all non-rebuttal percipient witnesses expected to testify at the hearing").  Citibank responded later that day, pointing out that JAMS' emergency rules applied only before an arbitrator's appointment.  Citibank also argued a continuance was unjustified because Herrling was merely repeating arguments Judge Reiser had already denied at the February 4th conference and that although Citibank had provided Kantor with **thirteen dates** Weber would be available for his deposition,

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

1  Kantor did not timely respond and never accepted any of the alternate dates offered

2  for Weber's deposition.  (Legittino Decl. ¶ 36, App. Exs. 22-23.)

3       On February 21, 2020, Lu replied that "Pursuant to JAMS Rule 2(c),

4  emergency relief procedures are available to a party in need of emergency relief

5  prior to the appointment of an Arbitrator," but sent the request to Judge Reiser

6  anyway.  On February 25, 2020, the Parties had a telephonic hearing where Judge

7  Reiser granted the Motion to Exclude, denied Herrling's renewed motion to

8  continue and allowed Herrling to subpoena third party Tim Braun ("Braun"), Vice

9  President of Academy Locksmith (the company which drilled the Box) to appear at

10  the hearing and produce the Invoices.  (Legittino Decl. ¶¶ 37-38, Exs. 24-25.)

11       **E.**     **The Hearing.**

12       The Hearing was held on March 3 and 4, 2020, and concluded on April 22,

13  2020.  Herrling testified on her behalf.  She called Braun as her single witness, who

14  brought the Invoices in his company's possession which confirmed what Citibank

15  had asserted in this case, namely that Herrling's Box was drilled by a licensed

16  locksmith on October 1, 2016.  (Legittino Decl. ¶ 39.)

17       Citibank called the following witnesses at the hearing:

18  - Citibank employees Rosa Palencia and Fernando Senabia who

19       inventoried the items in Herrling's Box both of whom testified under

20       oath they did not remove the necklace she claimed was in the Box;

21  - Weber who testified to the extensive safety measures taken when the

22       safe deposit boxes were drilled and when Citibank transported items

23       inside the drilled safe deposit boxes to its main vault in New York;

24  - Citibank former employee, Moises DeLeon, who assisted Herrling in

25       retrieving her items from the main vault in New York;

26  - One of the Vice Presidents of Citibank's Safe Deposit Box Abandoned

27       Property Unit, Brian Kirby, who testified about the Citibank's

28

Frankfurt Kurnit Klein + Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

procedures to notify safe deposit box customers when a branch is being closed, the safety procedures Citibank employs when "abandoned" property is sent to the main vault in New York, and the safety measures Citibank employees follow when shipping items from the New York vault to their owners upon a reclamation request; and

- Pratt who provided her expert opinion that Citibank met the standards of care in the banking industry at all stages when handling the contents in Herrling's Box.

During closing argument, Kantor, with Herrling standing by his side, withdrew her negligence claim and elected to proceed only on the breach of contract and conversion claims.  (Legittino Decl. ¶ 40, Ex. 26 at 149:7-150:3.)

## F.    The Award.

On May 3, 2020, Judge Reiser issued a 12-page award with 47 factual findings.  Based on the evidence presented, he denied Herrling's claim for breach of contract and her claim for conversion.  As a result, Judge Reiser found that Citibank was not liable in any amount for the loss of Herrling's alleged necklace (the "Award").  (Legittino Decl. ¶ 41, Ex. 27.)

## III.   ARGUMENT

### A.    The Award Should Be Confirmed Unless It Is Vacated, Modified, or Corrected Under Exclusive and Limited Grounds.

"On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11'" of the FAA.  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9).  "The burden of establishing grounds for vacating an arbitration award is on the party seeking it."  *U.S. Life Ins. Co. v. Super. Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).  In order to vacate the Award pursuant to 9 U.S.C. § 10, Herrling must show that the Award: (1) "was procured by

FKKS:2718738v.1

13

CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO CAROLINE HERRLING'S MOTION TO VACATE ARBITRATION AWARD; CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES

Frankfurt Kurnit Klein + Selz PC

28029 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators"; (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . , or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award . . . was not made."

Section 10 of the FAA is "exclusive" and only "address[es] egregious departures from the parties' agreed-upon arbitration." *Hall St.*, 552 U.S. at 586. Accordingly, this Court's "review of the arbitration [ ] decision is greatly limited." *Id.* at 1172.   "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award" under the FAA. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003).

As set forth in the remainder of this brief, Herrling has not met her burden to vacate the Award, therefore it should be confirmed.

**B.** **Judge Reiser's Discretionary Exclusion of Testimony Did Not Constitute Misconduct Under Section 10(a)(3) of the FAA.**

**1.** **The Exclusion of Herrling's Expert Was Not in Bad Faith.**

"Arbitrators enjoy 'wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit.'" *U.S. Life*, 591 F.3d at 1175 (citation omitted).  An evidentiary error must be "in bad faith or so gross as to amount to affirmative misconduct." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 (1987).

Judge Reiser did not err in excluding Herrling's expert under CCP § 2034.300, which mandated that he "*shall* exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed to": (1) "List that witness as an expert under Section 2034.260"; (2) "Submit an expert witness declaration"; (3) "Produce reports and writings of expert witnesses"; or (4)

Frankfurt Kurnit Klein+Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1  "Make that expert available for a deposition."  (Emphasis added); *see Staub v. Kiley*,

2  226 Cal. App. 4th 1437, 1445 (2014) ("Failure to comply with [§ 2034.300] can

3  have drastic consequences.").

4  However, Herrling does not provide any evidence that she objected to this

5  procedure or why her failure to timely designate McGuinn, submit a Code compliant

6  expert witness declaration, McGuinn's CV, any of his reports or writings, or his

7  availability for deposition was reasonable.[6]  *See Basham v. Babcock*, 44 Cal. App.

8  4th 1717, 1723 (1996) (judge must exclude expert for "unreasonabl[e]" failure to

9  meet CCP requirements).  Moreover, Judge Reiser's finding of unreasonableness

10 was reversable only for "abuse of discretion."  *Boston v. Penny Lane Ctrs., Inc.*, 170

11 Cal. App. 4th 936, 950 (2009).  However, Herrling fails to explain how Judge Reiser

12 abused his discretion, nor could she.  Given Herrling's "total failure to comply with

13 the requirements of the statute," Judge Reiser's exclusion of her expert testimony

14 was "within [his] discretion."  *Zellerino v. Brown*, 235 Cal. App. 3d 1097, 1117

15 (1991).  Thus, any error by Judge Reiser was not in bad faith.

16              **2.       Herrling Was Not Prejudiced.**

17 "Vacatur is appropriate only when the exclusion of relevant evidence 'so

18 affects the rights of a party that it may be said that he was deprived of a fair

19 hearing.'"  *Carpenters 46 N. Cal. Ctys. Conference Bd. v. Zcon Builders*, 96 F.3d

20 410, 413 (9th Cir. 1996) (citation omitted).  "[P]rejudice is a prerequisite to relief

21 based on an arbitration panel's evidentiary rulings."  *Employers Ins. of Wausau v.*

22 *Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1490 (9th Cir. 1991).

23 Herrling has no evidence of prejudice because an expert was not required to

24 prove negligence since Citibank's "basic duty of care to act with reasonable care in

25

26 _____

[6] Contrary to Herrling's statement in the MTV, Kantor never objected to proceeding
27 under the CCP for expert witnesses and Kantor does not even testify to this in his
declaration filed in support of the MTV.  (Legittino Decl. ¶¶ 5-6, 8, 28.)
28

FKKS:2718738v.1

15

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

its transactions" sounds in ordinary negligence. *Rodriguez v. Bank of the W.*, 162 Cal. App. 4th 454, 460 (2008); *see Mast v. Magpusao*, 180 Cal. App. 3d 775, 778 (1986) (ordinary negligence claims do not "require[] expert testimony to establish a[] . . . standard of care").  Nor was expert testimony required under Herrling's bailor-bailee theory (which Citibank disputes applied), because she had to first prove that she deposited the necklace in the Box—which Judge Reiser found she did not as not one of 47 factual findings concludes that based on the evidence, Herrling deposited her alleged necklace into the Box prior to its drilling on October 1, 2016.

## C.   Any Failure to Ensure Documents Were Produced Did Not Prejudice Herrling Under Section 10(a)(3).

### 1.   Judge Reiser's Rulings on Herrling's Four "Requests for Relief" Were Not Prejudicial.

Herrling alleges that Judge Reiser denied her four "requests for relief" for "discovery" made on October 4, 2019, December 4, 2019, January 23, 2019, and February 20, 2020.  (ECF 1 at 19.)  But that stretches the truth not all of these "requests" sought discovery and in every case Judge Reiser either *granted* relief or let the parties resolve the issues themselves.  Thus, no rulings were prejudicial:

- Herrling's October 4, 2019 request sought a telephonic conference to resolve Citibank's alleged failure to produce unspecified documents. (Legittino Decl. ¶ 18, App. Ex. 6.)  Judge Reiser amended the Scheduling Order to permit Herrling to serve her RFP on Citibank. Therefore, Herrling was not denied anything and was not prejudiced.

- On December 2, 2019, Herrling requested a continuance because Citibank had objected to her RFP.  Judge Reiser did not deny her request, but rather asked the parties to meet and confer for one week to avoid a ruling.  However, after the parties started the met and confer process, Kantor inexplicably stopped communicating with Citibank's

16

Frankfurt Kurnit Klein + Selz PC
28929 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

counsel for over a month and never raised this issue with Judge Reiser again.  (Legittino Decl. ¶¶ 27, 29.)

- Herrling sought another continuance on January 23, 2020 because she wanted to depose Weber.  Judge Reiser denied the continuance, but granted an extra two weeks for the deposition.  However, Herrling decided it was "futile" to depose Weber and never agreed to a date. (Legittino Decl. ¶ 32, App. Ex. 18.)  Thus, she was not prejudiced because there is "no specific evidence that she ever sought to take [Weber's] deposition[] and was refused permission to do so." *Braggs v. Jones*, 614 F. App'x 901, 904 (9th Cir. 2015) (confirming award).

- Herrling's February 20, 2020 emergency relief request not only sought a continuance, but was improper because JAMS emergency rules apply only "prior to the appointment of an arbitrator."  In any case, Judge Reiser granted Herrling a subpoena for Braun, so Herrling did, in fact, obtain discovery relief.  (Legittino Decl. ¶¶ 37-38, App. Exs. 24-25.)

Thus, Herrling fails to show that any of these rulings prejudiced her defense or in any way denied her ability to conduct discovery in this case.

### 2. To the Extent Documents Were Not Produced, Such Failure Was Neither Judge Reiser's Responsibility Nor Prejudicial.

Herrling raises three categories of documents she claims Judge Reiser failed to require Citibank to produce: (1) the Invoices; (2) the Policies; and (3) correspondence between Herrling and Citibank.  However, these documents were either produced or were not produced because of Herrling's own actions.

First, Herrling provides no evidence or argument how she was prejudiced by a purported failure to discover the Invoices when Judge Reiser granted a subpoena for the locksmith who brought these exact documents to the hearing.  The Invoices proved that the Box was drilled on October 1, 2016, which corroborated Citibank's

Frankfurt Kurnit Klein + Selz PC

28029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

claims from the beginning.  Herrling cannot possibly show prejudice where she eventually gained access to these records even though they did not benefit her case.

Second, the Policies were not produced because Herrling and Kantor refused to sign a routine Protective Order which Citibank requested at the outset of arbitration.  Herrling had every opportunity to raise this specific issue with Judge Reiser, but she did not.  Nor did Kantor request any specific changes in the Protective Order or even depose Pratt—whose expert designation stated in detail that she would opine about the Policies which would have allowed Herrling to discover information about these documents.  Ultimately, that the Policies were not produced was not prejudicial because allowing testimony and cross-examination about them at the hearing mitigated any prejudice.  *See Hunt v. Mobil Oil Corp.,* 654 F. Supp. 1487, 1511-12 (S.D.N.Y. 1987) (no grounds to vacate arbitration award where arbitrator excluded certain documents, but allowed live testimony on the same subject).  Furthermore, Herrling failed to timely designate McGuinn, so she had no expert to opine about them in any case.

Finally, Citibank produced all the correspondence between Citibank and Herrling, including but not limited to those with a Citibank attorney.  (Legittino Decl. ¶ 14.)  Even if some communications were missing (and they were not), presumably Herrling would have these documents too.  And yet again, Herrling never raised this specific issue to Judge Reiser.  Accordingly, there is simply no possibility she was prejudiced by any failure to produce these documents.

Herrling's only cited case to show prejudice, *Chevron Transport Corp. v. Astro Vencedor Compania Naviera, S.A.*, 300 F. Supp. 179 (S.D.N.Y. 1969), supports confirming the Award.  *Chevron* held that the petitioner was *not* prejudiced because there was "nothing in the record which would permit a finding that [the missing documents] would have been helpful," even though they were "perhaps the most important items of documentary evidence."  *Id.* at 181-82.  Likewise, Herrling

FKKS:2718738v.1

18

CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND IN
OPPOSITION TO CAROLINE HERRLING'S MOTION TO VACATE ARBITRATION AWARD;
CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES

1   fails to show how this allegedly missing evidence would have changed the outcome.

2   **D.   <u>Judge Reiser Was Not Evidently Partial Under Section 10(a)(2).</u>**

3   **1.        Herrling Provides No Evidence of Actual Bias.**

4   "Evident partiality [is] found in nondisclosure cases and actual bias cases."

5   *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996).[7]  A "party

6   alleging evident partiality must establish specific facts which indicate improper

7   motives . . . to show that the arbitration award resulted from the arbitrators' alleged

8   bias." *Id.* at 427-28.  "Even repeated rulings against one party to the arbitration will

9   not establish bias absent [] evidence of improper motivation." *Sheet Metal Workers*

10   *Int'l Ass'n v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985).

11        Judge Reiser's evidentiary rulings against Herrling do not show evident

12   partiality because there is no evidence of improper motivation.  On the other hand,

13   there is contrary evidence of improper motivation because Judge Reiser reached

14   various favorable rulings to Herrling, including but not limited to: (1) denial of

15   Citibank's MSA; (2) granting Herrling's subpoena of Braun; and (3) permitting a

16   late deposition of Weber which Herrling failed to schedule.

17   **2.        In Any Event, Herrling Waived Actual Bias Claims.**

18   "[P]arties must be encouraged, nay required, to raise their complaints about

19   the arbitration during the arbitration process itself." *Marino v. Writers Guild of Am.,*

20   *E., Inc.*, 992 F.2d 1480, 1483 (9th Cir. 1993).  "[A] party may not sit idle through an

21   arbitration proceeding and then collaterally attack that procedure on grounds not

22   raised before the arbitrators." *Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d

23   666, 673 (9th Cir. 1998) (citation omitted).  Thus, "claims alleging bias on behalf of

24   an arbitrator . . . are subject to waiver." *Haddad v. Jackson*, No. 1:07–cv–01676–

25   OWW–TAG, 2010 WL 2816320, at *5 (E.D. Cal. July 16, 2010) (citing *Fid. Fed.*

26   *Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1313 (9th Cir. 2004)).

27
28   [7] Herrling does not make a nondisclosure claim, so the Court need not address it.

Frankfurt Kurnit Klein + Selz PC
28929 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

1   Since Herrling failed to raise any bias claims during the arbitration, she has

2   waived this ground for vacatur.

3       **E.**      **Judge Reiser Did Not Exceed His Powers Under Section 10(a)(4).**

4           **1.**      **Judicial Review of Such Claims Is Extremely Limited.**

5   "[T]he Ninth Circuit has imposed a high standard" for claims that "arbitrators

6   exceeded their powers." *See More Light Investments v. Morgan Stanley DW Inc.*,

7   415 F. App'x 1, 2 (9th Cir. 2011).  "[A]rbitrators exceed their powers . . . not when

8   they merely interpret or apply the governing law incorrectly, but when the award is

9   completely irrational, or exhibits a manifest disregard of law." *U.S. Life*, 591 F.3d

10   at 1177 (citation omitted).

11           **2.**      **Judge Reiser's Award Was Not Completely Irrational.**

12   The completely irrational standard is "extremely narrow." *Bosack v. Soward*,

13   586 F.3d 1096, 1106 (9th Cir. 2009) (citation omitted).  The standard "generally

14   applies in the context of an arbitrator's contract interpretation." *Golden v.*

15   *O'Melveny & Myers LLP*, No. 2:14-cv-08725-CAS(AGRx), 2019 WL 5693760, at

16   *17 (C.D. Cal. Nov. 1, 2019) (citation omitted).  The standard is "satisfied only

17   where the arbitration decision fails to draw its essence from the agreement."

18   *Bosack*, 586 F.3d at 1106 (citation omitted).

19   "An award 'draws its essence from the agreement if the award is derived from

20   the agreement, viewed in light of the agreement's language and context, as well as

21   other indications of the parties' intentions.'" *Id.*  The Court does not "decide the

22   rightness or wrongness of the arbitrators' contract interpretation." *Id.*  Rather, "[a]n

23   arbitrator does not exceed its authority if the decision is a 'plausible interpretation'

24   of the arbitration contract." *U.S. Life*, 591 F.3d at 1177 (citation omitted).

25   Here, as long as Judge Reiser "was arguably construing the contract—which

26   [he] was—a court may not correct his mistakes." *Oxford Health Plans LLC v.*

27   *Sutter*, 569 U.S. 564, 572 (2013) (internal quotations omitted).  Because Judge

28

Frankfurt Kurnit Klein + Selz PC
28/29 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

Frankfurt Kurnit Klein + Selz PC

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

1  Reiser "reviewed provisions of the agreement, compared it to the evidence before

2  him, and made a determination on that basis . . . [i]t cannot be said that he

3  recognized the applicable law and then failed to apply it, or that this award does not

4  'draw its essence' from the contract." *Braggs*, 614 F. App'x at 903-04 (holding that

5  award was not irrational or in manifest disregard of the law).

6          Nor did Judge Reiser act irrationally in applying the CCP's expert witness

7  provisions in the Scheduling Order.  Arbitrators have "authority to adopt [their] own

8  rules of procedure." *U.S. Life*, 591 F.3d at 1173-74 (permitting ex parte meeting

9  between arbitrator and neutral expert).  While Herrling argues these provisions were

10 contrary to her contract, the Rental Agreement does not state that other procedural

11 rules applied.  (*See* Legittino Decl. ¶ 2, Ex. 1 at 20.)  Thus, the Scheduling Order

12 derived from the essence of the agreement.  And contrary to Herrling's claims,

13 Kantor never objected ***at any time*** to proceeding under the CCP with either Citibank

14 or Judge Reiser, including in opposition to Citibank's Motion to Exclude.  (Legittino

15 Decl. ¶¶ 5-6.)  Thus, Herrling has waived this claim.  *See Wellman*, 146 F.3d at 673.

16              **3.        Judge Reiser Did Not Manifestly Disregard the Law.**

17         "The Ninth Circuit has made clear that manifest disregard is a very stringent

18 standard." *Bear, Stearns & Co. v. Buehler*, 432 F. Supp. 2d 1024, 1026 (C.D. Cal.

19 2000) (internal quotations and citation omitted).  "'Manifest disregard of the law'

20 [is] more than just an error in the law or a failure on the part of the arbitrators to

21 understand or apply the law." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co*., 44 F.3d

22 826, 832 (9th Cir. 1995) (citation omitted).  The arbitrator must have "recognized

23 the applicable law and then ignored it.'" *Lagstein v. Certain Underwriters at*

24 *Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (citation omitted).

25         Herrling's argument that the ruling is contrary to the California Consumer

26 Awareness Act ("CCAA") fails because she has not demonstrated a "manifest

27 disregard" of the law.  A statutory violation of the CCAA is a separate legal claim

28

which she failed to raise in arbitration.  Since Herrling never raised this statute in the arbitration, Judge Reiser could not have "manifestly disregarded" it.  And even if she raised the CCAA below, whether Citibank violated it has no bearing on whether Citibank breached the Rental Agreement or converted the necklace.[8]

### F.   The Award Is Mutual, Final, and Definite Under Section 10(a)(4).

#### 1.   Ambiguities Must Be Substantial and Adverse.

"The arbitrators' failure to define expressly every aspect of their holding does not merit vacatur."  *Wausau*, 933 F.2d at 1488.  "Even if a slight ambiguity does exist, the Supreme Court has indicated that minor ambiguities are not a basis for denying enforcement of an arbitration award."  *New Meiji Mkt. v. United Food & Commercial Workers Local Union 905*, 789 F.2d 1334, 1336 (9th Cir. 1986) (citation omitted).  Rather, an "ambiguity must be substantial and adversely affect a party's ability to understand or comply with the award."  *Wausau*, 933 F.2d at 1488.

#### 2.   The Award's Use of "Claim" Is Not Ambiguous.

In *Rollins v. Prudential Ins. Co. of N. Am.*, 10 F. App'x 510, 512 (9th Cir. 2001), the Ninth Circuit held that while an "award on its face may be ambiguous, the context in which the award was issued [made it] clear that the arbitrators considered and rejected [the plaintiff's] FMLA claim."  Even if the Award's use of "Claim" is ambiguous (it is not), in the context of the arbitration it is clear that Judge Reiser dismissed all of Herrling's claims.  Like the movant in *Rollins* who failed to prove a substantial ambiguity, Herrling (1) raised her claims for breach of contract, conversion, and negligence "in her initial filing before the arbitrat[or]," (2)

---

[8] Herrling argues that the Award violates public policy under the CCAA, but the public policy exception does not apply here.  *See Fund Raising, Inc. v. Alaskans for Clean Water, Inc.*, No. CV 09–4106 AHM (VBKx), 2012 WL 2456255, at *3-4 (C.D. Cal. June 26, 2012) (exception applies only if "the *relief* ordered by the arbitrator directly conflict[s] with a contrary public policy," not "where, as here, the challenge to an [] award is to the legal reasoning employed by the arbitrator").

Frankfurt Kurnit Klein + Selz PC

28129 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

Frankfurt Kurnit Klein + Selz PC
28/29 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600

1  "[b]oth parties addressed the same in their arbitration briefs," and (3) her

2  representative "addressed [them] during [his] closing argument." *Id.* Moreover, the

3  Award explains on its face that the breach of contract and conversion "claims" were

4  "submitted for decision," Citibank "did not breach" the contract, Herrling failed to

5  "satisfy her burden of proof" on conversion, and even though Herrling dismissed her

6  negligence claim, finds that Citibank "satisfied the standard of care." (Legittino

7  Decl. ¶ 41, App. Ex. 27 at 5, 12.) Thus, under similar facts as *Rollins*, it is "clear

8  that the arbitrator[] considered and denied all of [her] claims." 10 F. App'x at 512.

### 3. Judge Reiser Considered All Questions Submitted.

10  Herrling claims that Judge Reiser never considered the "only question

11  submitted" about whether she "deposited her necklace in her [Box]" before it was

12  drilled and thus did not issue a "mutual, final, and definite award." (ECF 1 at 23-

13  24.) Contrary to Herrling's claim, Citibank never agreed to submit this as the only

14  question to Judge Reiser and she provides no corroborating evidence. (Legittino

15  Decl. ¶ 42.) Also, this question is only relevant to negligence, which Kantor

16  withdrew during his closing argument. Thus, Judge Reiser never had to address this

17  issue which he claimed in the MSA ruling was the starting point for the negligence

18  claim under a bailor-bailee theory. But, the fact of the matter is that the Award ***does***

19  address this question as Judge Reiser did not make a specific finding of fact based

20  on the evidence that Herrling deposited the necklace into the Box. In his reasoning,

21  Judge Reiser specifically noted that Herrling failed to present evidence she promised

22  to bring to the hearing that would support her claim the necklace was in the Box pre-

23  October 1, 2016, such as the jewelry box she alleged to have received the necklace

24  in or the sunglasses case she claimed she kept the necklace in while inside her Box.

25  (Legittino Decl. ¶ 41, App. Ex. 27 at 11-12.) Thus, this argument is also meritless.

### 4. Judge Reiser's Ruling Is Reasoned.

27  Without addressing the text of Judge Reiser's decision, Herrling claims that

Frankfurt Kurnit Klein+Selz pc

2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
F (310) 579 9600

1  the Award is not reasoned.[9]  However, the United States Supreme Court held that

2  "[a]rbitrators have no obligation to the court to give their reasons for an award."

3  *United Steelworkers of Am. v. Enter. Wheel & Car Corp*., 363 U.S. 593, 598 (1960).

4  Following the Supreme Court, the Ninth Circuit held in *Bosack* that "[a]rbitrators

5  are not required to set forth their reasoning supporting an award."  586 F.3d at 1104

6  (citation omitted).  Even if parties agree otherwise, arbitrators need not provide

7  reasons.  *See Biler v. Toyota Motor Corp.*, 668 F.3d 655, 666 (9th Cir. 2012) (where

8  parties' agreement required arbitrator to issue a written decision "sufficient to

9  permit limited judicial review[,] . . . *Bosack* forecloses [the] contention that the

10  Arbitrator's purported failure to provide a written decision . . . though required by

11  the [Agreement], would alone support vacatur").  Thus, where a party argues an

12  award is not reasoned and the "parties reached an agreement of arbitration award in

13  the form of a reasoned opinion," vacatur is "properly denied."  *Olson v. Harland*

14  *Clarke Corp.,* 676 F. App'x 635, 637 (9th Cir. 2017) (internal quotations omitted).

15      This precedent dooms Herrling's argument.  Assuming Herrling and Citibank

16  reached an agreement mandating a reasoned decision as Herrling alleges (they did

17  not), Judge Reiser had no obligation to issue a reasoned award.  But in any event,

18  even if this precedent did not apply, the Award is reasoned.  To the extent sister

19  circuits have reached the issue, they hold that a "reasoned award sets forth the basic

20  reasoning of the arbitral panel on the central issue or issues raised before it . . . [but]

21  need not delve into every argument made by the parties."  *Leeward Constr. Co., Ltd.*

22  *v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 640 (2d Cir. 2016).  Here, the

23  Award more than "satisfies that standard [because] it does set forth the relevant

24  facts, as well as the key factual findings supporting its conclusions"—47 factual

25  findings, as a matter of fact.  *Id.*  Such an award is reasoned under any standard.

---

[9] In fact, Herrling does not even attach the Award as an exhibit to the MTV.

CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND IN
OPPOSITION TO CAROLINE HERRLING'S MOTION TO VACATE ARBITRATION AWARD;
CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES

**IV.**   **CONCLUSION**

Citibank respectfully requests that Herrling's Motion to Vacate Arbitration Award be denied, Citibank's Motion to Confirm Arbitration Award be granted, and an order confirming the Award be issued.


DATED:  August 20, 2020                FRANKFURT KURNIT KLEIN + SELZ PC


                                      By:  _____/s/ Tricia L. Legittino_____
                                           Tricia L. Legittino
                                           Matthew Samet
                                           Attorneys for Respondent
                                           CITIBANK, N.A.

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
P (310) 579 9600

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 1060, Los Angeles, CA 90067.

On August 20, 2020, I served true copies of the following document(s) described as **CITIBANK N.A.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO CAROLINE HERRLING'S MOTION TO VACATE ARBITRATION AWARD; CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

Caroline Herrling
2337 S. Beverly Glen #6
Los Angeles, CA 90054
Tel: (323) 620-0858
Email: cphenix@publiclycorrect.com
In Pro Per

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jobispo@fkks.com to the persons at the e-mail address cphenix@publiclycorrect.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2020, at Los Angeles, California.

/s/ Jacqueline Obispo
Jacqueline Obispo

FKKS:2718738v.1

1

CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO CAROLINE HERRLING'S MOTION TO VACATE ARBITRATION AWARD; CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 1060 N
Los Angeles, California 90067
T (310) 579 9600