CAROLINE HERRLING
2337 S Beverly Glen
Los Angeles, CA 90064
(323)620-0858
cphenix@publiclycorrect.com
Petitioner In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
SEPT 16 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: __vdr__ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE HERRLING,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.,<br><br>　　　　Defendant(s) | Case No.: 2:20-cv-06989-FMO-AFM<br><br>REPLY AND NOTICE OF NON-OPPOSITION TO CAROLINE HERRLING'S PETITION TO VACATE ARBITRATION AWARD<br><br>Judge: Hon. Fernando M. Olguin<br>Date: September 17, 2020<br>Time: 10:00am<br>Courtroom: 6D |

　　On August 03, 2020, Petitioner Caroline Herrling ("Herrling") filed and served her Petition to Vacate Arbitration Award ("Petition") on Respondent Citibank, N.A. ("Citibank"). On August 20, 2020, Citibank filed a Notice of Motion and Motion to Confirm Arbitration Award.

　　Pursuant to Local Rule 7-9, Citibank was required to file an opposition to the Motion "not later than "twenty-one (21) days before the date designated for the hearing of the motion" of September 17, 2020, which means Citibank's

1
REPLY AND NOTICE OF NON-OPPOSITION TO CAROLINE HERRLING'S PETITION TO
VACATE ARBITRATION AWARD

opposition was due on August 27, 2020. However, as of September 15, 2020, the Court's docket does not show an opposition has been filed by Citibank in response to Herrling's Petition to Vacate.

Because under Local Rule 7-12, the "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion," Citibank's failure to timely oppose the Petition may be deemed consent to vacate the arbitration award. See *Lee v. Cal. Bank & Trust*, No. CV 13-5725 FMO (CWX), 2013 WL 12152466, at *1 (C.D. Cal. Sept. 9, 2013) (Olguin, J.) (where "plaintiff has not filed any Opposition to the Motion . . . the court will deem plaintiff's failure to file an Opposition as consent to granting of the Motion").

Herrling is an unsophisticated pro per litigant that cannot be expected to receive a fair hearing when Citibank's seasoned attorneys fail to adhere to the Federal Code of Civil Procedure.

Accordingly, Herrling respectfully requests that the Court grant Herrling's Petition, deny Citibank's Motion to Confirm, and issue an order vacating the arbitration award with instructions to have the arbitration heard before another arbitrator, not affiliated with JAMS.

Dated: September 11, 2020

/s/ Caroline Herrling

Petitioner in Pro Per