## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 20-6989 FMO (AFMx)** | Date | **March 3, 2021** |
|---|---|---|---|
| Title | **Caroline Herrling v. Citibank N.A.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**        **(In Chambers) Order Re: Pending Motions**

Having reviewed and considered all the briefing filed with respect to Caroline Herrling's ("petitioner") Motion to Vacate Arbitration Award (Dkt. 1, "Motion to Vacate"), and Citibank N.A.'s ("respondent") Motion to Confirm Arbitration Award [ ] (Dkt. 10, "Motion to Confirm"), the court finds that oral argument is not necessary to resolve the motions, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On May 6, 2019, petitioner filed a demand for arbitration against respondent, asserting claims for: (1) negligence; (2) breach of contract; and (3) conversion. (See Dkt. 10-5, Exh. 1, Demand for Arbitration at ECF 126-30). Petitioner's demand, made pursuant to the Safe Deposit Box Rental Agreement between the parties, was based on the alleged loss of a necklace she claimed she stored in a safe deposit box maintained by respondent. (See id. at ECF 126-28). On May 3, 2020, the arbitrator, Judge Glen M. Reiser (Ret.) ("arbitrator"), issued his final decision denying petitioner's claims. (See Dkt. 10-31, Exh. 27, Final Arbitration Award at 12). On August 3, 2020, petitioner filed the instant action seeking to vacate the arbitration award. (See Dkt. 1, Motion to Vacate). Respondent thereafter filed a motion to confirm the arbitration award. (See Dkt. 10, Motion to Confirm).

## LEGAL STANDARD

"The Federal Arbitration Act ['FAA'] gives federal courts only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." In re Sussex, 781 F.3d 1065, 1072 (9th Cir. 2015) (internal quotation marks omitted). The FAA permits a district court to vacate an arbitration award "only in very unusual circumstances." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 942, 115 S.Ct. 1920, 1923 (1995); see In re Sussex, 781 F.3d at 1072 ("The [Supreme] Court has . . . made clear that motions to vacate will be granted only in very unusual circumstances to prevent arbitration from becoming merely a prelude to a more cumbersome time-consuming judicial review process.") (internal quotation marks omitted).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 20-6989 FMO (AFMx)** | Date | **March 3, 2021** |
|---|---|---|---|
| Title | **Caroline Herrling v. Citibank N.A.** | | |

Under the FAA, a court may vacate an arbitration award where: (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent to and material to the controversy, or of any other misbehavior through which a party's rights have been prejudiced; or (4) the arbitrator exceeded his or her powers or imperfectly executed them. See 9 U.S.C. § 10(a); Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 583, 128 S.Ct. 1396, 1403 (2008) (Section "10 [of the FAA] provide[s] the FAA's exclusive grounds for expedited vacatur[.]").   "[W]hen reviewing the award of an arbitrator chosen by the parties to [an] agreement, [the court is] bound – under all except the most limited circumstances – to defer to the decision of another, even if [the court] believe[s] that the decision finds the facts and states the law erroneously."   Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers, 886 F.2d 1200, 1204 (9th Cir. 1989) (en banc).   Unless an arbitration award is vacated, modified or corrected, a court must grant a request to confirm the award.   See 9 U.S.C. § 9; Hall St. Assocs., 552 U.S. at 582, 128 S.Ct. at 1402 ("Under the terms of § 9 [of the FAA], a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11[.]").

## **DISCUSSION**

I.      VACATING THE ARBITRATION AWARD FOR ARBITRATOR'S MISCONDUCT.

Petitioner argues that the award should be vacated because "the arbitrator refused to hear evidence pertinent and material to the controversy" and the arbitrator's refusal constituted "misconduct [that] prejudiced [her] rights."  (See Dkt. 1, Motion to Vacate at ECF 16-20) (internal formatting omitted).  As relevant here, the FAA provides that a court may vacate an arbitration award where an arbitrator engages in misconduct such as "refusing to hear evidence pertinent and material to the controversy; or [ ] any other misbehavior by which the rights of any party have been prejudiced[.]"  9 U.S.C. § 10(a)(3).  "To meet the standard for vacating the award, the arbitrator's refusal to hear evidence must demonstrate bad faith or be so gross as to amount to affirmative misconduct."  Immersion Corp. v. Sony Comp. Ent. Am. LLC, 188 F.Supp.3d 960, 974 (N.D. Cal. 2016) (internal quotation marks omitted).

Arbitrators have "wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit."  U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1175 (9th Cir. 2010)  (internal quotation marks omitted).  In addition, "the phrase, 'refusing to hear evidence pertinent and material to the controversy' necessarily implies prejudice to the rights of a party[.]"  Id. at 1174.

A.      Exclusion of Petitioner's Expert.

The arbitrator granted respondent's motion to exclude petitioner's expert witness because petitioner "failed to timely designate [her expert] in accordance with the California Code of Civil Procedure."  (Dkt. 10-29, Exh. 25, Order Re: February 25, 2020, Telephonic Hearing at 1).  Petitioner contends that there was no basis to exclude her expert, and that she was prejudiced

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-6989 FMO (AFMx)** | Date | **March 3, 2021** |
|---|---|---|---|
| Title | **Caroline Herrling v. Citibank N.A.** | | |

by the exclusion of her expert because she could not support her negligence claim or counter the opinions of respondent's expert witness. (See Dkt. 1, Motion to Vacate at ECF 16-17). Petitioner's contentions are unpersuasive.

The arbitrator's two scheduling orders stated that the parties "shall designate experts and supplement the same in accordance with the requirements of the California Code of Civil Procedure[.]" (Dkt. 10-6, Exh. 2, First Scheduling Order at 3); (Dkt. 10-7, Exh. 3, Amended Scheduling Order at 3); (see also Dkt. 10-1, Declaration of Tricia L. Legittino [ ] ("Legittino Decl.") at ¶¶ 7-8). Respondent served its Demand for Exchange of Expert Witness Information on December 23, 2019, pursuant to the California Code of Civil Procedure, which set the initial expert designation deadline for January 13, 2020, and the supplemental expert designation deadline for February 3, 2020. (See Dkt. 10-17, Exh. 13, Demand for Exchange of Expert Witness Information [ ]); Cal. Civ. Proc. Code §§ 2034.230(b) & 2034.280(a). Petitioner sought to designate her expert on February 12, 2020, approximately a month after the initial designation deadline. (See Dkt. 10-22, Exh. 18, February 12, 2020, Email Chain Between Legittino and Kantor at 2-3).

Under California law, "on objection of any party who has 'made a complete and timely compliance' with the expert exchange statute, the trial court 'shall exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed' [ ] to designate that expert in its expert witness list." Pina v. Cty. of Los Angeles, 38 Cal.App.5th 531, 546 (2019) (quoting Cal. Civ. Proc. Code § 2034.300) (footnote omitted). Here, petitioner has not put forth any evidence or argument as to why she failed to designate her expert in a timely manner.[1] (See, generally, Dkt. 1, Motion to Vacate). Given petitioner's failure to comply with the expert designation deadlines set by the arbitrator and the lack of any reasonable explanation for petitioner's failure to comply with the deadlines, the court cannot conclude that the arbitrator's exclusion of petitioner's expert was in "bad faith" or constitutes "affirmative misconduct."[2] See Zellerino v. Brown, 235 Cal.App.3d 1097, 1117 (1991) (court has discretion to exclude expert where there is a "near-total failure to comply with the requirements of the [expert designation] statute").

---

[1] Petitioner also contends that there was no need for her to designate an expert until respondent located its branch manager and offered him as a witness. (See Dkt. 10-25, Exh. 21, Opposition to Motion to Exclude at ECF 248-49). But the record shows that respondent informed petitioner about this witness five days before the expert designation deadline and nearly a month before the supplemental expert designation deadline. (See Dkt. 10-18, Exh. 14, January 8, 2020, Email from Medina to Kantor); (Dkt. 10-1, Legittino Decl. at ¶ 30).

[2] Because petitioner fails to establish any bad faith for the arbitrator's exclusion of her expert, the court need not address petitioner's related prejudice arguments.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-6989 FMO (AFMx)** | Date | **March 3, 2021** |
|---|---|---|---|
| Title | **Caroline Herrling v. Citibank N.A.** | | |

B.   <u>Failure to Ensure Documents Were Produced</u>.

Petitioner asserts that the arbitrator "ignored his affirmative duty to ensure the petitioner received discovery or barred the petitioner from obtaining discovery."[3]  (Dkt. 1, Motion to Vacate at ECF19-20).  According to petitioner, the arbitrator "placed multiple restrictions on [her] access to pre-hearing discovery" with respect to respondent's internal policies and procedures related to the maintenance of its safe deposit boxes and then "limited [her] line of questioning" at the hearing when she examined respondent's witness about these policies and procedures.  (<u>See</u> <u>id.</u> at ECF 18-20).

Respondent agreed to produce the policies and procedures early in the proceedings subject to petitioner's agreement to a protective order, (<u>see</u> Dkt. 10-8, Exh. 4, September 12, 2019, Email from Legittino to Kantor at 1), but petitioner refused to sign or negotiate a protective order.  (<u>See</u> Dkt. 10-1, Legittino Decl. at ¶ 15).   Despite her right to do so, petitioner failed to depose respondent's expert, timely serve interrogatories, or litigate any perceived issues relating to respondent's policies and procedures and the proposed protective order.  (<u>See</u> Dkt. 10-7, Exh. 3, Amended Scheduling Order at 3); (Dkt. 10, Motion to Confirm at 18); (Dkt. 10-1, Legittino Decl. at ¶¶ 15 & 31).  Under the circumstances, the record indicates that the failure to obtain the policies and procedures had more to do with petitioner's lack of diligence in conducting discovery than with any misconduct on the part of the arbitrator.  <u>See</u>, <u>e.g.</u>, <u>Braggs v. Jones</u>, 614 F.Appx. 901, 903-04 (9th Cir. 2015) (no arbitrator misconduct for alleged denial of deposition discovery where party offered "no specific evidence that she ever sought to take depositions and was refused permission to do so").

II.   VACATING THE ARBITRATION AWARD FOR EXCEEDING POWERS.

The FAA provides that a court may vacate an arbitration award "where the arbitrators exceeded their powers[.]"  9 U.S.C. § 10(a)(4); <u>see</u> <u>Comedy Club, Inc. v. Improv W. Assocs.</u>, 553 F.3d 1277, 1290 (9th Cir. 2009) ("[T]he manifest disregard ground for vacatur is shorthand for a statutory ground under the FAA, specifically 9 U.S.C. § 10(a)(4), which states that the court may vacate 'where the arbitrators exceeded their powers.'").  "[A]rbitrators exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law[.]"  <u>Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.</u>, 341 F.3d 987, 997 (9th Cir. 2003) (<u>en</u> <u>banc</u>) (citation and internal quotation marks omitted).  It is not enough "to show that the [arbitrator] committed an error – or

---

[3]  Petitioner appears to make a separate argument relating to the arbitrator's alleged refusal to "hear relevant evidence material and pertinent to the controversy" based on her introduction at the hearing of an estate receipt proving her ownership of the subject property.  (<u>See</u> Dkt. 1, Motion to Vacate at ECF 27-28).  Petitioner's representations, however, belie her argument as she asserts that the arbitrator considered the estate receipt and stated: "It'll be received, but, you know, the weight is not substantial."  (<u>Id.</u> at ECF 28) (internal quotation marks omitted).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-6989 FMO (AFMx)** | Date | **March 3, 2021** |
|----------|---------------------------|------|-------------------|
| Title | **Caroline Herrling v. Citibank N.A.** | | |

even a serious error.  It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable." Stolt-Nielson S.A. v. Animal-Feeds Int'l Corp., 559 U.S. 662, 671, 130 S.Ct. 1758, 1767 (2010) (alterations in original) (citations and internal quotations omitted).

"[F]or an arbitrator's award to be in manifest disregard of the law, it must be clear from the record that the arbitrator recognized the applicable law and then ignored it." Comedy Club, Inc., 553 F.3d at 1290 (internal quotation and alteration marks omitted).  Moreover, "the governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." Collins v. D.R. Horton, Inc., 505 F.3d 874, 879-80 (9th Cir. 2007) (emphasis in original) (internal quotation and alteration marks omitted).

Petitioner asserts that the "award should be vacated [because] the arbitrator exceeded his powers in manifest disregard of the law[.]"  (Dkt. 1, Motion to Vacate at ECF 20).  According to petitioner, the arbitrator exceeded his powers when he ordered the parties to designate experts pursuant to the California Code of Civil Procedure.  (See id. at ECF 20-21).  Petitioner's assertions are unpersuasive.

As an initial matter, despite petitioner's contention that she objected to the use of the California Code of Civil Procedure for expert witness designation, (see Dkt. 1, Motion to Vacate at ECF 20), there is no evidence in the record to support this contention.  (See, generally, id.); (Dkt. 1, Declaration of James Kantor ("Kantor Decl.")).  In any event, the parties' agreement states that the arbitration will be governed by the FAA and, "to the extent state law is applicable, the laws of the state governing [petitioner's] account relationship apply."  (See Dkt. 10-5, Exh. 1, Safe Deposit Box Rental Agreement at ECF 137-38).

Here, the arbitrator recognized the applicable governing law of the dispute as stated in the parties' agreement, namely the FAA and California law, and applied it to the case.  (See Dkt. 10-5, Exh. 1, Safe Deposit Box Rental Agreement at ECF 137-38).  Petitioner has not established that the arbitrator violated the arbitration agreement by imposing procedures other than those sanctioned under the FAA or California law.  (See, generally, Dkt. 1, Motion to Vacate).  Indeed, the arbitrator complied with the agreement by looking to the applicable California statutes governing expert witness designation and applying them to the dispute before him.  See, e.g., Sanchez v. Elizondo, 878 F.3d 1216, 1223 (9th Cir. 2018) ("The arbitrator did not violate directly the parties' initial agreement by relying upon rules other than the FINRA Rules that the agreement deemed applicable.  Rather, he complied with that agreement in looking to the FINRA Rules and discussing their applicability with the parties."); see also U.S. Life Ins. Co., 591 F.3d at 1177 ("An arbitrator does not exceed its authority if the decision is a 'plausible interpretation' of the arbitration contract.").  In other words, the arbitrator did not exhibit a manifest disregard of the law with respect to the use of the California Code of Civil Procedure.

Petitioner also contends that the arbitrator disregarded the California Consumer Contract Awareness Act of 1990 ("CCAA"), and thus the award is inconsistent with public policy.  (See Dkt.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-6989 FMO (AFMx)** | Date | **March 3, 2021** |
|---|---|---|---|
| Title | **Caroline Herrling v. Citibank N.A.** | | |

1, Motion to Vacate at ECF 22-23).  According to petitioner, she "should have been awarded actual damages" for violation of the CCAA.  (Id. at ECF 23).  However, petitioner's demand for arbitration makes no claim for damages under the CCAA, (see, generally, Dkt. 10-5, Exh. 1, Demand for Arbitration), and petitioner provides no evidence she ever raised this claim in the arbitration.  (See, generally, Dkt. 1, Motion to Vacate); (id., Kantor Decl.).  Thus, petitioner cannot show that "the arbitrator recognized the applicable law and then ignored it."  Comedy Club, Inc., 553 F.3d at 1290 (internal quotation marks and alteration omitted).

III.    VACATING THE ARBITRATION AWARD FOR IMPERFECT EXECUTION OF POWERS.

An arbitration award may be vacated where the arbitrator "so imperfectly executed [his powers] that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).  However, an arbitrator's "failure to define expressly every aspect of their holding does not merit vacatur."  Emps. Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh, 933 F.2d 1481, 1488 (9th Cir. 1991).  "[T]o merit vacatur, [an] ambiguity must be substantial and adversely affect a party's ability to understand or comply with the award."  Id.  "[T]he purpose of this section is merely to render unenforceable an arbitration award that is either incomplete in the sense that the arbitrators did not complete their assignment (though they thought they had) or so badly drafted that the party against whom the award runs doesn't know how to comply with it." New United Motor Mfg., Inc. v. United Auto Workers Local 2244, 617 F.Supp.2d 948, 957 (N.D. Cal. 2008) (internal quotation marks omitted).

Petitioner asserts that "the award should be vacated [because] the arbitrator so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter was not made."  (Dkt. 1, Motion to Vacate at ECF 23); (see id. at ECF 23-26).  According to petitioner,  the arbitrator's ruling that "[t]he Claim is denied, with prejudice" renders the award ambiguous and unenforceable because the term "Claim" is undefined throughout the award.  (See id. at ECF 16). Petitioner's assertions are unpersuasive.

Here, the arbitrator's decision states that petitioner "withdrew her claim of liability based upon a theory of negligence" and that the "breach of contract and conversion claims were argued . . . and submitted for decision."  (Dkt. 10-31, Exh. 27, Final Arbitration Award at 5).  The arbitrator concluded that respondent "did not breach" the contract and that petitioner "failed to satisfy her burden of proof" as to conversion.  (Id. at 12).  Under the circumstances, there is no basis to conclude that the arbitrator's decision was so ambiguous as to require vacatur since petitioner could readily determine the disposition of each claim.  See, e.g., Sheet Metal Workers Int'l Ass'n Local Union No. 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 745 (9th Cir. 1985) (vacatur inappropriate where award had "sufficiently specific guidelines" to enable interpretation of  its ruling).

Finally, petitioner contends the arbitrator failed to rule "on the only question submitted" which was whether she ever stored the subject property in her safe deposit box prior to the date respondent relocated its contents.  (See Dkt. 1, Motion to Vacate at ECF 23-24).  According to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-6989 FMO (AFMx)** | Date | **March 3, 2021** |
|---|---|---|---|
| Title | **Caroline Herrling v. Citibank N.A.** | | |

petitioner, by not making a finding about the deposit of the property, "a mutual, final, and definite award was . . . not made." (Id.).

Petitioner's argument relies on the arbitrator's interpretation of the substantive law governing her negligence claim which the arbitrator found required a showing that petitioner stored her property with respondent. (See Dkt. 1, Motion to Vacate at ECF 24); (Dkt. 10-24, Exh. 20, Order on Motion for Summary Adjudication of Issues at 5). However, the record shows that petitioner withdrew her negligence claim during the hearing, so the arbitrator had no reason to address the purported "question submitted." (See Dkt. 10-31, Exh. 27, Final Arbitration Award at 5); (Dkt. 10-1, Legittino Decl. at ¶ 40). In short, the court is persuaded that the award sufficiently addressed the relevant questions submitted for decision.[4] (See Dkt. 10-31, Exh. 27, Final Arbitration Award at 5 & 12).

## <u>CONCLUSION</u>

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner Caroline Herrling's Motion to Vacate **(Document No. 1)** is **denied**.

2. Respondent Citibank N.A.'s Motion to Confirm **(Document No. 10)** is **granted**.

3. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[4] Petitioner also makes conclusory and undeveloped arguments as to the arbitrator's failure to issue a reasoned decision, the arbitrator's partiality, and the admission of allegedly false testimony at the arbitration hearing by respondent's witnesses. (See Dkt. 1, Motion to Vacate at ECF 6-7 & 25). The court need not address these issues as they are plainly unsupported and insufficiently developed. (See, generally, id.); see, e.g., McClain v. Wells Fargo Bank, N.A., 2012 WL 851402, *3 (N.D. Cal. 2012) (rejecting defendant's "undeveloped argument" because it "neither cited any legal authority nor provided the requisite legal analysis"); Global Horizons, Inc. v. U.S. Dep't of Labor, 510 F.3d 1054, 1058 (9th Cir. 2007) (Because plaintiff "provided only a conclusory one-sentence argument . . . the district court did not abuse its discretion when it did not address them specifically in its order."); see also Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").